WRIGHT, FINLAY & ZAK, LLP
Darren T. Brenner, Esq.
Nevada Bar No. 8386
Lindsay D. Dragon, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 637-2345; Fax: (702) 946-1345
ldragon@wrightlegal.net
*Attorneys for Plaintiff, HSBC Bank USA, National Association as trustee for Deutsche ALT-A Securities Mortgage Loan Trust, Series 2006-AR2*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST, SERIES 2006-AR2,<br><br>Plaintiff,<br><br>vs.<br><br>STEWART INFORMATION SERVICES CORP.; STEWART TITLE GUARANTY COMPANY; STEWART TITLE OF NEVADA; DOE INDIVIDUALS I through X; and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-00637-RFB-BNW<br><br>**MOTION FOR LEAVE TO SUPPLEMENT OPPOSITION TO MOTION TO STAY DISCOVERY [ECF NO. 26]** |

HSBC Bank USA, National Association as trustee for Deutsche ALT-A Securities Mortgage Loan Trust, Series 2006-AR2 (**HSBC**) moves for leave to supplement its Opposition to Motion to Stay Discovery [ECF No. 26]. This motion is based on Local Rule 7-2(g) and the Ninth Circuit's recent remand orders in *Deutsche Bank* and *HSBC I*.

/ / /

/ / /

/ / /

/ / /

**MEMORANDUM OF POINTS AND AUTHORITES**

This is an insurance coverage dispute arising out of an HOA foreclosure sale. On May 21, 2021, Defendant Stewart filed an Emergency Motion to Stay Discovery and for Protective Order. [ECF Nos. 24 and 25]. Stewart similarly filed a Motion to Stay the Litigation. [ECF No. 10]. The gravamen of the motions is that no discovery or litigation should proceed until the Ninth Circuit resolved other pending appeals arising out of orders in four other title insurance disputes, including: W*ells Fargo Bank, N.A. v. Fid. National Title Ins. Co*., Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC)(*Wells Fargo*); *HSBC Bank v. Fid. Nat'l Title Grp., Inc*., No. 2:18-cv-02162-MMD-DJA, 2019 WL 5596392, 2019 U.S. Dist. LEXIS 188806 (D. Nev. October 30, 2019)(*HSBC I*); *Deutsche Bank Nat'l Tr. Co. v. Fid. Nat'l Title Ins. Co*., No. 3:19-cv-00468-MMD-WGC, 2020 U.S. Dist. LEXIS 59378 (D. Nev. Apr. 2, 2020)(*Deutsche Bank*); *HSBS Bank v. Fid. Nat'l Title Ins. Co*., No. 3:19-cv-00265-MMD-WGC, 2020 WL 886940, 2020 U.S. Dist. LEXIS 30563 (D. Nev. Feb. 20, 2020)(*HSBC II*). [*See, e.g.,* ECF No. 10 at p. 2].

On May 24 2021, the Court granted Stewart's request for an emergency protective order until the emergency motion to stay was resolved. [ECF No. 27]. At the time, *HSBC* had noticed the deposition of the James Gosdin, who was the Chair of the American Land Title Associations forms committee that issued the endorsements applicable to this and numerous other similarly situated title insurance disputes. *HSBC* had also requested Stewart's endorsement manuals and other information relevant to trade usage and the meaning of the subject endorsements. Stewart's Emergency Motion for Protective order stopped this discovery from proceeding.

Stewart's Motion to Stay was heard by the Court on June 16, 2021. [ECF No. 36]. To date, an order on that motion has not issued.[1] In the meantime, *HSBC I* and *Deutsche Bank* have been reversed by the Ninth Circuit on the same custom and trade usage issues that Stewart has so far successfully prevented in this case. As explained by the Ninth Circuit in *Deutsche Bank*, these cases cannot be resolved without discovery of the title insurer's manuals and industry trade usage regarding the endorsements. As stated by the Ninth Circuit in *Deutsche Bank*:

---

[1] HSBC also intends to send a letter to the Court under LR IA 7-1 requesting adjudication of the motion.

> … there can be no doubt that the manual is probative on the issue of whether an attempted amendment of Deutsche's claims would be, as the test requires, clearly futile. *See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1118 (9th Cir. 2013). For example, the manual could be read to support the amendment of Deutsche's statutory claim for unfair claims settlement practices. Similarly, since Nevada law permits courts to consider the custom and practices of the trade even when construing a contract that is unambiguous in its terms, *see Galardi v. Naples Polaris*, LLC, 301 P.3d 364, 367 (Nev. 2013), the manual might be read to support amendment of the breach of contract claim as well.
>
> Accordingly, read with liberality, the contents of the manual sufficiently establishes that it was error for the district court to conclude that amendment of Deutsche's complaint was clearly futile and, therefore, that it was error to refuse Deutsche the opportunity to attempt amendment of its claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and for violation of Nevada's law barring insurers from unfair claims settlement practices.

*See Deutsche Bank Nat'l Tr. Co. v. Fid. Nat'l Title Ins. Co.,* No. 20-15849, 2021 U.S. App. LEXIS 32311 (9th Cir. Oct. 28, 2021).[2]  *HSBC I* was remanded for similar reasons at the request of its author, Chief Judge Miranda Du.  As Judge Du explains in *HSBC I*,

> …because this was one of the first cases dealing with title insurance, the significance of the ALTA 5 [CLTA 115.2] and its precise language and trade usage was not yet known to Plaintiff. These are questions which may have resolved themselves in discovery.… Moreover, the claims manuals may change the Court's consideration of the bad faith claims. While the parties dispute whether the Court can consider trade practices as extraneous evidence when interpreting a contract, Defendants do not reasonably argue that the claims manuals would not change the Court's analysis of the bad faith claims. The Court's analysis of the bad faith claims would change if, as Plaintiff argues, Defendants were aware that one version of the ALTA 5 was intended to provide coverage for claims like the one in this case, but denied the claim and refused to defend despite that knowledge.

*HSBC Bank USA, Nat'l Ass'n v. Fid. Nat'l Title Grp.,* No. 2:18-cv-02162-MMD-DJA, 2021 U.S. Dist. LEXIS 77544 (D. Nev. Apr. 22, 2021).  Based on Judge Du's indicative ruling, *HSBC I* was remanded by the Ninth Circuit.  *HSBC Bank USA, Nat'l Ass'n v. Fid. Nat'l Title Grp.*, *Inc.* No. 2:18-cv-02162-MMD-DJA, ECF No. 54 (D. Nev. July 19, 2021)(remanding case).[3]

---

[2] For this Court's convenience, a copy of the Ninth Circuit's Memorandum is attached as **Exhibit 1.**

[3] The parties are still waiting on orders in the *Wells Fargo* and *HSBC II* appeals; however, given the similarities between cases, there is no reason to believe these appeals would be resolved any differently than *Deustche Bank*.

1 As demonstrated by *Deutsche Bank* and *HSBC I*, the discovery sought by HSBC is relevant and appropriate in these cases. The deposition of James Gosdin in particular is one of the more important depositions in all of these cases for the reasons already briefed. [*See* ECF No. 18 at pp. 6-8]. In sum, Mr. Gosdin is a recognized industry trade usage expert on the endorsements at issue in this case per the Third Circuit Court of Appeals, he has written on the very matters at issue in this case, he is the chief underwriter at Stewart responsible for issuing the forms, he was the chair of the ALTA committee that issued the subject endorsements, and he sat on the committee when the forms were issued. *Id.* Mr. Gosdin's trade usage opinions were raised and addressed by the parties in the briefing of each of the four appeals, and were discussed at the recent oral arguments in *HSBC II* and *Wells Fargo*.

Nevada "recognize[s] judicial commitment to the proposition that 'justice delayed is justice denied.'" *Dougan v. Gustaveson*, 108 Nev. 517, 523, 835 P.2d 795, 799 (1992). As the United States Supreme Court has directed, it is a it is a "rare" circumstance where a litigant must stand aside while another litigant "define[s] the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S. Ct. 163 (1936)). HSBC has already been prevented from conducting this discovery for nearly six months, the relevance of which goes beyond just this case. Soon dozens of these matters will come off stay. Mr. Gosdin's testimony could impact all of them. HSBC should be allowed to expeditiously complete Mr. Gosdin's deposition, particularly now that the Ninth Circuit has confirmed trade usage is relevant in these cases.

DATED this 1st day of November, 2021.

**Order**

IT IS SO ORDERED
DATED: 2:03 pm, November 05, 2021

*signature*

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

WRIGHT, FINLAY & ZAK, LLP

*/s/ Darren T. Brenner, Esq.*
Darren T. Brenner, Esq.
Nevada Bar No. 8386
Lindsay D. Dragon, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
*Attorneys for Plaintiff, HSBC, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 1st day of November, 2021, a true and correct copy of this **MOTION FOR LEAVE TO SUPPLEMENT OPPOSITION TO MOTION TO STAY DISCOVERY [ECF NO. 26]** was transmitted electronically through the Court's e-filing electronic system to the attorney(s) associated with this case.

*/s/ Faith Harris*
An Employee of WRIGHT, FINLAY & ZAK, LLP

## EXHIBIT LIST

| Exhibit 1 | Memorandum, *Deutsche Bank Nat'l Tr. Co. v. Fid. Nat'l Title Ins. Co.,* No. 20-15849, 2021 U.S. App. LEXIS 32311 (9th Cir. Oct. 28, 2021) |